ART MCGUFF
3462 KENT STREET/PARALEGAL
SERVICES AND LOBBYIST FIRM
FLINT,MICHIGAN 48503

13

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Case: 2:10-cv-13044
Assigned To : Rosen, Gerald E
Referral Judge: Majzoub, Mona K
Assign. Date : 8/2/2010
Description: HC Art McGuff v Sacred Heart Rehabilitation (psm)

ART MCGUFF,

PLAINTIFF/PETITIONER

VS.

SACRED HEART REHABILITATION, PAULA NELSON,TIM NEAL,LAURA FRELICH,MARCIA LOTT, GRADY WILKINSON,

DEFENDANTS/RESPONDENTS

PETITION FOR A WRIT OF H/C & ORDER TO SHOW CAUSE.WHY THE RELIEF SOUGHT SHOULD NOT BE GRANTED PURSUANT TO 28 U.S.C.1651

**COMES NOW THE PLAINTIFF/PETITIONER, ART MCGUFF,**and moves this Honorable Court to return a Writ of " **MANAMUS", in favor of the Plaintiff/Petitioner.** As bases for the relief sought herein the petitioner states as follows:

**JURISDICTION :**

This Court finds jurisdiction,pursuant to Title 28 U.S.C. 1651 of the Federal Rules of Civil Procedure. Which states as follow's:

(a) THE SUPREME COURT and all Courts established by the Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Further jurisdiction is found pursuant to Title 28 U.S.C.

at Section 1331, which states:

> THE district courts shall have original jurisdiction of all civil actions arising under the Constitution,laws, or treaties of the United States.

Further, jurisdiction is found under the Fifth, Sixth,Eighth and Fourteenth Amendments to the United States Constitution thereof.

**STATEMENT OF FACTS:**

**On April 21st, 2009, Petitioner Art Mc Guff,entered into A Professional Service Agreement with Sacred Heart Rehabilitation Center, Inc.,** a Michigan not for PROFIT corporation, which is located at 400 Stoddard Road, Memphis, Michigan, 41038. This non-profit corporation, is approved to obtain, Federal Funds for working with persons who suffer various " Mental Disorders".

Until July 28th, 2010, the petitioner, never was questioned about his billing Methods, having worked for **" SACRED HEART REHABILITATION CENTER, INC.,** WHO WORKED OUT OF Corporations offices at Memphis, Michigan, Bay City, Michigan, and Flint, Michigan.

However, prior to July 28th, 2010, there was no question about the petitioner billing procedures,if he made a mistake it was corrected and the issue was fixed. It should be noted, that the respondents have at times, crossed out what the Petitioner, had billed and added additional time to the orginial document.

On July 28th, 2010, respondent Paula Nelson, Vice President approached the petitioner and told him that they had been watching him, because of his appointment times. And that they meaning **SACRED HEART REHABILITATION CENTER,INC., HAD SEVERAL WITNESSES THAT CLAIMED HE YOUR PETITIONER HAD NOT SEEN A PT., FOR A WHOLE FIFTY MINUTE**

SESSION.At that point the petitioner asked who were the witnesses and was told it did not matter. Petitioner then asked could he be given an example. Respondent Nelson had a pile of papers on her lap, and she then pulled one specific paper out which was the petitioner Daily log,dated July 21st, 2010. Respondent Nelson then pointed to a client by the name Bronvic Turner. The petitioner had billed out as having seen him for a period of fifty minutes and the petitioner allowed this client to leave early so that he could go too his Probation Officer.

Nonetheless, while the petitioner was in session with the above fore-mentioned client Turner, he was telephoned Mc Laren Day Treatment where his wife was being treated for an " EMOTIONAL DISORDER". Who then asked the petitioner if he knew it his wife had taken to much medication? They wanted to know if his wife had acess to her medication? Petitioner told MC Laren that before he went to work he gave his wife her medication and when he got off work returning to his home, he gave her the next dosage. He was then told that his wife was going to be placed in the Hospital.Because she was talking about killing herself.

Shortly thereafter, the petitioner second client who was late appeared ( appxly 10 or 15 minutes late), the petitioner counseled her and kept her for a full hour.

While walking the client that was late down the hall to the waiting area, respondent Tim Neal stopped the petitioner and told him not to see any more clients to go to the group room and wait for respondent Nelson.

Respondent Nelson then told the petitioner that he was not always correct in putting on this daily log the time he spent with his clients. Petitioner then told respondent Nelson, that he see's alot of clients per day.

By the end of the day there could be a mistake, but these mistakes were not intentional.By this time, respondent Nelson did not want to hear anything that the petitioner had to say.Who had accused him of being " FRAUDULENT". The petitioner who had worked over one year,for this corporation at three locations. Who was told how do you do this was then terminated.

**REASONS FOR GRANTING THE WRIT:**

**The petitioner assert that he had lived up to all standards of his agreement.** The petitioner lived up to every standard of his agreement with **SACRED HEART REHABILITATION CENTER., INC..** If a mistake was made in his billing.brought to his attention, it was corrected. The mere fact that on the day of the Turner matter, he was told by Mclaren Hospital that his wife was going to be put in the Hospital, because she was talking about killing herself. If allowed to explain,maybe this matter would not be before this court.

The respondents can not say to this Court that the petitioner did not submit full disclosures as set forth in the petitioner's "Exhibit A", at page two (2) par. B. Entitled SHRC Agrees thru D.. annexed hereto, made a part hereof were met.

Further, under the Fifth, Sixth and Fourteenth Amendments all Citizens of the United States of America has a Constitutional Right to fully understand the evidence against them. Regardless if the evidence is a Civil matter, Criminal matter or Administrative Proceeding. A Constitutional Right to " **due process of law " and to be equally protected under the law"**, are Rights provided by the United States Constitution thereof.

The petitioner had no problems from any of his other locations with billing, or other wise accept Bay City, Michigan.

A top performer is not canned because a person/s does not like that person for what ever the reason or reasons maybe.

It stand's to reason when respondent " **SACRED HEART REHABILITATION CENTER, INC.**" **can added additional time to the petitioner's daily log sheet, then why was he terminated for a error that could have easily corrected?**

Moreover, there was never a WRITTEN REPRIMAND, nor was there ever a Verbal REPRIMAND given to the petitioner.If the petitioner was acting outside the boundries of his Contract, then he should have been advised.

Under the terms of the Agreement between Both Parties At C. Par. 4, it clearly states:

> The term of this agreement shall be for the period of one year from the date of excution and will automatically renew annually unless otherwise stipulated.

See petitioner's " Exhibit A", page three (3) thereof.

Had the petitioner been in default under any provision of the petitioner Contract, the Contract would not have been automatically renewed.

Moreimportantly, when respondent Nelson accused the petitioner of " Fraud", she did not provide him with any other incidents other than the Turner matter. Nor was he given a list of " ADM"., RULES OR PROCEDURE HE HAD BEEN VIOLATED. To accuse any person of wrong doings requires that a person know what they had did wrong and a chance to defend those allegations.

In the case of Taylor vs. Rodriguez, 238 F 3d 188, holding it was an error for hearing officer to rely on confidential information without investigating its reliability. While this case was a prison case the principle of law hold to this case.

Due Process warrants an accused to not only fully understand the evidence against them. But to face their accused. Not to hand

or point at a document, abd then not allow a person to talk about the contents of that document.

Further, the question before this Court is one of Constitution Law. Was " CRUEL AND UNSUAL PUNISHMENT", IMPOSED UPON THE PETITIONER WHEN RESPONDENT NELSON ACTED UPON ALLEGATIONS THAT WERE NOT PROVEN?

The petitioner asserts to this Court, that his Eighth Amendment Rights, which guards AGAINST CRUEL AND UNSUAL PUNISHMENT.Were violated because for all he know's, he was never given or signed any type of action, that stated he did anything wrong. To have a person walk into a room and say you have committed fraud, without fully understanding what fraud has been committed, imposes cruel and unsual punishment. Which is a violation of his Eighth Amendemnt Rights to the United States Constitution thereof.

A Contract is a Contract, where all parties must live up to the standards of the Contract. If one partie is allowed to deny the other due process that governs the contract, then what happen is a breach of Constitutional Protections. That governs the Orginial Contract.

The respondents have acted in bad faith. Again the petitioner was never warned or told that he was doing anything wrong. And based upon the statements contained in this Petition the petitioner seeks the following relief.

**WHEREFORE, THE PETITIONER PRAYS TO GOD FIRST AND THEN TO THIS HONORABLE COURT THAT AN ORDER TO SHOW CAUSE BE ISSUED TO ALL Respondents,to turn over all allegations that lead to his termination of his Contract. To Show cause where there is any type of documentation that showed of any type of wrong doing,as related to the petitioner billing.**

**To Show cause why the petitioner was not given Notice, or made aware of any wrong doings at the other locations he provided service.**

Order the respondents to Show Cause why the Petitioner Contract should not be reinstated. Or to Show Cause why the petitioner should not be paid the amount of money he has lost for the wrong full termination of his Contract. And for all other relief this Honorable Court deems proper and just.

DATED: August 1st, 2010.

Restfully, Submitted

ART MCGUFF

PREPARED BY PARALEGAL SERVICES

3462 KENT STREET, FLINT, MICHIGAN 48503.

AFFIRMATION OF SERVICE:

ON this 2nd day of August, 2010, I Dejohn Jones hereby attest under the penalities of Prejury, that I have placed a true copy of the attach Motion in the United States Mail,as well as serving a true copy of this Motion upon each Respondent at their respective Offices. And will file with this Court each returned.

FURTHER AFFIANT SAYETH NOT:

DEjohn JONES

# PROFESSIONAL SERVICES AGREEMENT

This Agreement is made and entered into this 21st day of April 2009, by and between **Sacred Heart Rehabilitation Center, Inc.**, a Michigan not for profit corporation, whose address is 400 Stoddard Road, P.O. Box 41038, Memphis, MI 48041-1038 (hereinafter referred to as SHRC) and **Arthur McGuff** (hereinafter referred to as "Provider").

Subject to the terms and conditions contained herein, Sacred Heart employs the services of the Provider to serve as an Outpatient Therapist for SHRC.

## A. THE PROVIDER AGREES

1. To provide direct client care services for clients of SHRC, including but not limited to:

   a. Assessment and clinical evaluation (a maximum of 1.5 hours per assessment);
   b. Individual therapy
   c. Family therapy
   d. Group therapy
   e. Intensive outpatient treatment; and
   f. Didactic educational groups.

2. To assure that treatment planning, clinical reporting, case consultation, and other indirect client services essential for service reimbursement and/or corporate compliance are completed in an accurate and timely manner in accordance with the applicable payor/care manager rules and regulations, as determined by SHRC.

3. To assure that all services provided pursuant to this agreement are properly documented in an accurate and timely manner in accordance with the policies and procedures of SHRC, the standards of CARF and all applicable payor/care manager rules and regulations. All client records shall be considered confidential, shall be the property of SHRC and shall remain at all times in the custody of SHRC.

4. To assure that all clinical services provided pursuant to this agreement are properly authorized by the appropriate funding source.

5. To maintain at all times appropriate licensure and/or certification relevant to the conduct of this position. Evidence of such licensure and/or certification will be presented by Provider to SHRC at the time of employment and evidence of appropriate renewals shall be furnished as received throughout the life of this agreement. The Provider will inform SHRC immediately of any change in their professional status or licensure.

6. To assure that all services provided pursuant to this agreement are provided in a professional manner that is consistent with the relevant policies, procedures and practices of SHRC, the SHRC Code of Conduct and corporate compliance criteria established by SHRC.

7. To comply with all applicable federal, state and local laws, rules and/or regulations; all licensing requirements and all CARF accreditation standards pertaining to the delivery of the services provided pursuant to this agreement.

8. To report to the Outpatient Program Leader or designee and to carry out other tasks as assigned in support of the services covered by this agreement.

**B.   SHRC AGREES**

1. To schedule clients to be served pursuant to this agreement in accordance with the schedule of availability established by the Provider.

2. To compensate the Provider for reimbursable clinical services, as described in A. 1, at a rate of $35.00/hr., with a maximum of $52.50 per completed assessment, upon the completion of all paperwork required for the reimbursement of said services, including, but not limited to:

    a.   Comprehensive assessments, treatment plans, progress notes and discharge/transfer summaries
    b.   Accurate, timely and complete treatment authorizations/reauthorizations;
    c.   Other designated reports required by the payor.
    d.   Any other information required by internal or external audits.

3. To compensate the Provider at a rate of $15 per hour for approved non-client care service mandated by SHRC and expressly authorized in advance by the Outpatient Program Leader or designee, including but not limited to:

    e.   Mandatory staff meetings;
    f.   Mandatory training sessions;
    g.   Required client consultations; and
    h.   Monthly supervision sessions.

4. To issue payments for services provided pursuant to this agreement on a bi-weekly basis upon receipt of a completed time sheet, approved by the Outpatient Program Leader, and supporting Daily Activity Logs. All applicable payroll taxes will be deducted. The pay date will be in conjunction with SHRC bi-weekly pay dates. Service hour payments will be in lieu of health, life, dental, optical and disability insurance or paid time off benefits.

5. To provide office space, office equipment and administrative support services for the Provider.

## C. BOTH PARTIES AGREE

1. All clients seen pursuant to this agreement must meet applicable admission criteria established by SHRC and shall be considered clients of SHRC.

2. SHRC does not guarantee a minimum number of clients or service hours.

3. The terms and conditions of the Personnel Manual shall apply to the Provider with the exceptions of any areas of the Personnel Manual specifically addressed in and modified by this agreement.

4. The term of this Agreement shall be for the period of one year from the date of execution and will automatically renew annually unless otherwise stipulated. The Agreement does not ensure the purchase of services during the term of the Agreement.

5. This Agreement may be terminated by either party without cause no less than 30 days upon a written notice to the other party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first written aforementioned.

______________________________________________

Provider Date

______________________________________________

Grady L. Wilkinson Date
President/CEO

# CIVIL COVER SHEET

County in which action arose

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ART McGUFF, 3462 Kent St, Flint, MI 48503

**DEFENDANTS** SACRed Heart Rehabilitation

(b) County of Residence of First Listed Plaintiff Genesse
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Menosee

Case: 2:10-cv-13044
Assigned To : Rosen, Gerald E
Referral Judge: Majzoub, Mona K
Assign. Date : 8/2/2010
Description: HC Art McGuff v Sacred Heart Rehabilitation (psm)

(c) Attorney's (Firm Name, Address, and Telephone Number) Self - pro-Se Paralegal Services

Attorneys

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 USC 1651 + 28 U.S.C. 1331

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE None DOCKET NUMBER

DATE 8/2/2010 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☐ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

Notes :